**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kelly Ann Thomas,

        Plaintiff,

v.

Sean Henry, Carl Puglises, Culpepper
Plumbing and Airconditioning Inc., and
Gerald Turnham,

        Defendants.

Civ. No. 19-2930 (JRT/BRT)

**REPORT AND RECOMMENDATION**

      Plaintiff Kelly Ann Thomas seeks to proceed *in forma pauperis* ("IFP") (Doc. No. 2) in this 42 U.S.C § 1983 civil rights suit filed before this Court. The Complaint contains a variety of allegations against Defendants Sean Henry, Carl Puglises, Culpepper Plumbing and Airconditioning Inc., and Gerald Turnham regarding work done on a home in relation to an insurance claim. (*See* Doc. No. 1.) Specifically, Thomas identifies six counts: (1) breach of legal duty and unjustifiable hinderance regarding an insurance adjuster and work on a home; (2) unfair insurance practices in violation of Minnesota Commerce for Insurance § 72A.20; (3) breach of duty of good faith and fair dealing; (4) violations of consumer protection through the Deceptive Trade Practices Act; (5) breach of contract; and (6) fraud and fraudulent concealment. (*See* Doc. No. 1 at 6–10.) Thomas's Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2).

Although Thomas qualifies financially to proceed *in forma pauperis* ("IFP"), the undersigned recommends that her Complaint be dismissed for lack of jurisdiction. An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn,* 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). A question of subject-matter jurisdiction may be raised by the Court *sua sponte* at any time. *Lundeen v. Canadian Pacific Ry. Co.*, 47 F.3d 606, 611 (8th Cir. 2006). Federal district courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 551 (2005). A district court may not exercise jurisdiction absent a statutory basis. *Id.* Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Subject-matter jurisdiction (or federal-question jurisdiction) exists for any case or controversy arising under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a court to have diversity jurisdiction over a dispute based upon 28 U.S.C. § 1332, each plaintiff must be diverse from, or have a different citizenship than, each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

On the cover sheet to her Complaint, Thomas indicated that the basis for jurisdiction was federal-question jurisdiction, but a review of the Complaint reveals that none of the claims properly invoke federal-question jurisdiction. On the face, the only claim that is intertwined with explicit federal law is Claim 4 regarding the Deceptive Practices Trade Act. Although, most states have their own version of such an act, *see,*

2

*e.g.*, Minn. Stat. § 325D.44, the Federal Trade Commission Act (15 U.S.C. § 45) declares unfair or deceptive acts or practices in or affecting commerce unlawful. Section 45, however, does not create a private right of action, so Plaintiff Thomas has no standing under this section to initiate federal litigation. *See FTC v. Johnson*, 800 F.3d 448, 452 (8th Cir. 2015) (finding that there is no private cause of action for violations of the Federal Trade Commission Act) (*citing Morrison v. Backyard Burgers, Inc.*, 91 F.3d 1184, 1187 (8th Cir. 1996)). Thus, Thomas's reliance on any deceptive practices claim does not provide her a gateway to federal court.

Thomas's remaining five claims all rely on state law, and state law claims are not litigated in federal court without some basis for federal jurisdiction. 28 U.S.C. § 1367(a) provides this Court with the ability to exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," however, courts should decline to exercise supplemental jurisdiction over a state law claim when all claims over which the court has original jurisdiction are dismissed. *See Clark v. Roy*, No. 13-cv-2849 (MJD/HB), 2015 WL 1179380, at *3 (D. Minn. Mar. 13, 2015); *see also* 28 U.S.C. § 1367(c)(3). Since this Court recommends dismissal of the deceptive practices claim, this Court recommends that Thomas's state law claims citing the Minnesota Commerce for Insurance § 72A.20e

or any of the four claims relying on state common law should also be dismissed without prejudice.[1]

The only other potential basis for jurisdiction would be diversity jurisdiction – which requires an amount in controversy of more than $75,000, as well as complete diversity between the plaintiff and all defendants. 28 U.S.C. § 1332. Thomas did not indicate on her civil cover sheet that she sought jurisdiction on this basis. Additionally, she did not provide adequate information about the parties for the Court to determine if they are diverse. For example, she alleged that Sean Henry could be served at the headquarters of a Minnesota company (Federated Insurance), but she does not indicate that she is suing the company and she does not allege that Henry lives in Minnesota. Thomas is right that a company is a citizen of the state where it has its principal place of business, but Federated's citizenship does not give the Court information about Mr. Henry's citizenship. *See, e.g.*, *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). This Court cannot, therefore, determine if Mr. Henry is "diverse" for jurisdictional purposes. Thomas meets the amount in controversy requirement because she seeks damages between $398,427 and $789,996, but that alone is not enough to litigate the case in federal court. Thus, this Court concludes that it cannot assume jurisdiction based on diversity of the parties.

---

[1] Based on the analysis above, this Court need not address the alternative basis for dismissal of some or all of the claims on res judicata grounds based on her previous litigation in the Eastern District of Texas. *Thomas v. J.L. Culpepper et al.*, Case No. 18-cv-0814 (E.D. Tex. filed Nov. 14, 2018, dismissed Sept. 20, 2019). *See, e.g.*, *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, at 763–64 (8th Cir. 2012); *Cox v. Nueces County, Texas*, 839 F.3d 418, 421 (5th Cir. 2016) (internal citation omitted).

Based on the foregoing analysis, Thomas has not established that this Court has jurisdiction over this action. Because the Court lacks jurisdiction, it will recommend denying the pending miscellaneous motions.[2] Accordingly, it is recommended that this matter be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This matter be **DISMISSED WITHOUT PREJUDICE**.

2. The application to proceed *in forma pauperis* of Plaintiff Thomas (Doc. Nos. 2, 9, 16) be **DENIED AS MOOT**.

3. That all other pending motions (Doc. Nos. 10, 12, 21) be **DENIED AS MOOT** in light of the recommended disposition of this case.

Dated: January 15, 2020            \_\_s/ Becky R. Thorson_____
                                   BECKY R. THORSON
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being

---

[2] The motions are a Motion for Discovery (Doc. No. 10), a Motion to Substitute Party (Doc. No. 12), and a Motion to Consolidate Cases (Doc. No. 21).

served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).